ASOCIACIÓN COOPERATIVA DEL FALANSTERIO, Plaintiff and and Appellee, *v.* ANTONIO NAVARRO ET AL., Defendants and Appellants.

No. 10201. Argued February 16, 1950.—Decided February 24, 1950.

*Pedro E. Anglade, Hipólito Marcano* and *José M. Valentín Esteves,* for appellants. *Rodolfo F. Aponte* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On December 30, 1949 the District Court of San Juan rendered judgment for the plaintiff in an action of unlawful detainer brought by Asociación Cooperativa del Falansterio against several defendants, appellants herein.

On January 4, 1950 the clerk of said court—according to a certificate issued by the clerk—filed in the record of the case a copy of the written notice to the parties of the judgment rendered.

On January 10th of the same year, three of the defendants filed a notice of appeal in the lower court and posted bond.

Appellee seeks the dismissal of the appeal on the ground that the notice of appeal was filed after the term of 5 days fixed by § 630 of the Code of Civil Procedure—§ 11 of the Unlawful Detainer Act—had elapsed. The motion is accompanied by the certificate issued by the clerk of the lower court which has the date on which judgment was rendered; the date on which "a copy of the written notice informing the parties of the judgment" was filed in the record and the date on which appellants filed their notice of appeal and their

bond, which were the dates previously indicated. However, the certificate does not show an essential fact that has been acknowledged and admitted by appellee. It is on that fact that appellants base their opposition to the dismissal: that the copy of the notice of the judgment was delivered by a messenger of the lower court to the lawyers of two of the appellants on January 5, 1950 and that on that very day another copy was mailed to the third appellant.

In *Vando* v. *Municipal Court*, 65 P.R.R. 6, we held that the service of notice of the judgment rendered by a municipal court in an action of unlawful detainer was governed by the Act of March 11, 1908, p. 168, to regulate appeals from judgments of municipals courts in civil cases, as amended by § 1 [1] of Act No. 2 of March 14, 1929; and that the provisions of said Act were substantially the same as those of § 2 of the Act of March 9, 1911,[2] applicable to appeals from judgments rendered by district courts.

In *Fog* v. *District Court*, 65 P.R.R. 150, we also reached the conclusion that service of notice of a judgment rendered by a municipal court in a claim for wages was governed by the Act of March 11, 1908 as amended; and that, consequently, the five-day period allowed for the appeal starts from

---

[1] The pertinent part of § 1 reads:

"*Provided,* That in all cases where an appeal may be taken, as provided by this section, it shall be the duty of the Secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable sentence of decision, a written notice informing said aggrieved party that such sentence of decision has been rendered; and a copy of said notice shall be filed with the record of the case. The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed."

[2] Section 2 of said Act provides:

"In all cases in which an appeal may be taken as provided in Section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him to the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

the date on which the clerk files a copy of the notice of judgment in the record of the case, this rule being likewise applicable to the term for appeal in actions of unlawful detainer. This is so in view of the express provisions of the afore-mentioned Acts of March 11, 1908, as to appeals from municipal courts, and of March 9, 1911 as to appeals from district courts.

However, the filing in the record of a copy of the notice of a judgment is not and cannot be an arbitrary act on the part of the clerk. It presupposes and requires previous service on the party or his attorney, as the case may be, in any of the forms that it can be validly made. The filing of a copy of the notice in the record constitutes the official proof of the notice required by law, but if the latter has not been served, the premature filing of a copy of the notice in the record is invalid and the term for appeal does not start until the service of the notice renders the act of the filing effective. When the service is made by mail, the clerk cannot file a copy of the notice of the judgment in the record until the notice is actually deposited in the post office. While it remains in the hands of a messenger of the court it is the same as if it were in the clerk's hands and service has not been made. Likewise, when the notice is served personally a copy thereof cannot be filed until the messenger delivers the notice to the party or his attorney, as the case may be. Otherwise, the statutory term for appeal could be altered, involuntarily or arbitrarily, and the litigant's right to appeal could be prejudiced or completely invalidated.

Since the appellee admitted that the notice of the judgment was served on defendants on January 5, 1950, the filing of the copy of the notice in the record on January 4th was premature and should not be considered as validly made until January 5th, on which date the notice was actually served. Consequently, we hold that the filing of the notice of appeal on January 10th was timely.

The motion to dismiss will be denied.